IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MELODY RUSSELL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-02397 |
| | * | |
| AMERICAN EXPRESS, | * | |
| | * | |
| Defendant | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Plaintiff Melody Russell ("Plaintiff"), who is self-represented, filed this lawsuit against American Express ("AmEx") alleging violations of various federal consumer protection statutes. ECF 1. She subsequently filed an amended complaint, ECF 28. Two motions are currently pending. AmEx has filed a Motion to Compel Arbitration and Stay the Case, ECF 34, which Plaintiff has not timely opposed. Prior to amending her complaint, Plaintiff also filed a "Motion" which appears to seek summary judgment and injunctive relief, ECF 14. AmEx opposed that motion, ECF 35. This Court has carefully reviewed the filings and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, AmEx's motion will be granted and Plaintiff's motion will be denied without prejudice.

I.      **AmEx's Motion to Compel Arbitration**

Plaintiff's amended complaint against AmEx arises out of AmEx's servicing of her three American Express Card credit accounts and its efforts at collecting amounts past due under those accounts. ECF 28. Each of the three accounts is governed by a Cardmember Agreement which was mailed to Plaintiff when she opened the account. *See* ECF 34-2 (Decl. of Raquel Hernandez) ¶ 5

and ECF 34-3, 34-4, 34-5 (Cardmember Agreements).  The three Cardmember Agreements are substantially the same, and each provides, in relevant part:

> **Arbitration**
> You or we may elect to resolve any claim by individual arbitration. Claims are decided by a neutral arbitrator.
> If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim.

ECF 34-3, 34-4, 34-5. Each also provides:

> ***Claim*** means any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision.

*Id.* Finally, the Cardmember Agreements provide a mechanism for Plaintiff to opt out of or reject the Arbitration provision of the agreement. *Id.* Plaintiff did not exercise that right as to any of her accounts. ECF 34-2 ¶ 6.

The Cardmember Agreements provide that when a cardmember uses the account, she agrees to the terms of the Agreement. ECF 34-3, 34-4, 34-5. Plaintiff used each of her three cards to make purchases on the accounts. ECF 34-6, 34-7, 34-8 (card statements showing charges).

Because the Cardmember Agreements contain a choice of law provision, Utah law regarding contract formation applies to the question of whether the parties reached a contract to arbitrate this dispute. ECF 34-3, 34-4, 34-5. Utah law states:

> A credit agreement is binding and enforceable . . . if: (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e). As noted above and established by the uncontroverted Hernandez Declaration, each of those elements exists here, making the Arbitration provisions of the Cardmember Agreements binding and enforceable.

It is equally clear that the claims Plaintiff asserts in her Amended Complaint relate to her accounts and her relationship with AmEx, bringing them squarely within the scope of the Arbitration provision. The claims must be referred to arbitration.

The Federal Arbitration Act generally requires courts to stay their proceedings until any issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). This Court will therefore stay this case and administratively close it, directing the parties to notify the Court once the arbitration has been completed.

## II.    **Plaintiff's Motion**

Because this case must proceed to arbitration, it would be improper for this Court to grant the types of relief Plaintiff requests in her motion. Moreover, Plaintiff amended her complaint after her motion was filed, rendering it moot. This Court will therefore deny Plaintiff's motion, without prejudice to her re-raising the same issues before the arbitrating body, if appropriate.

## III.    **Conclusion**

For the reasons set forth above, Plaintiff's motion for summary judgment and injunctive relief, ECF 14, will be DENIED WITHOUT PREJUDICE and AmEx's motion to compel arbitration, ECF 34, will be GRANTED.  This case will be stayed and administratively closed pending notification that the arbitration has been completed. A separate Order follows.

Dated:  March 18, 2026                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge

3